# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:10 CR 003

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DONNIE LEE GRIFFIN. | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** came on before the court pursuant a "Motion to Review Detention and Set Conditions of Pretrial Release" (#4) and also pursuant to an oral motion made by counsel for the defendant in open court on March 12, 2010. On March 12, 2010, the defendant entered pleas of guilty before the undersigned to the following offenses: (count 1) bank fraud; (count 2) aggravated identity theft; (counts 3 & 4) mail fraud; and (count 5) access device fraud. After considering the evidence in this cause and the arguments of counsel for the defendant and the Assistant United States Attorney, the undersigned makes the following findings:

**Applicable law.** 18 U.S.C. § 3143(a)(1) provides as follows:

(a) Release or detention pending sentence. —(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under

section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b)or (c).

In considering whether or not there is evidence from which the undersigned can find, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if he is released, the undersigned has considered and applied the factors as set forth under 18 U.S.C. § 3142(g). The nature and circumstances of the offenses charged against the defendant and to which he has entered pleas of guilty all involve bank fraud, mail fraud, aggravated identity theft or access devise defraud. They do not involve crimes of violence or controlled substances. The weight of the evidence against the defendant is strong, compelling and significant, indeed the defendant has entered pleas of guilty and has admitted that he committed the offenses described in the bill of information.

In regard to the history and characteristics of the person, it appears the defendant is in good physical condition and in questionable mental condition. The defendant has strong family ties in the Macon County community and in the State of Florida. The defendant has employment that has been offered to him through his mother, who operates a business in Macon County, NC and through Mr. Pat Mickler who is a licensed building contractor in Macon County. The defendant has a long

length of residence in the Macon County community. The defendant has no history relating to drug or alcohol abuse. The defendant has the following criminal history:

| Offense | Conviction Date |
|---|---|
| No operator's license, giving fictitious information to an officer and operating a vehicle equipped with a siren | 11/10/99 |
| 10 counts of identity theft | 11/12/00 |
| Financial card fraud | 10/12/00 |
| Unauthorized used of a drivers license, unauthorized possession of an identification card, FL | 03/15/02 |
| Grand theft, fraudulent use of a credit card & dealing in the credit card of another, FL | 03/15/02 |
| Making false statements to a merchant, FL | 03/13/02 |
| Wire fraud and bank fraud, U.S. District Court | 05/22/03 |

The defendant's record concerning appearance at court proceedings does not show that the defendant has ever failed to appear.

It does not appear clearly from the record that the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence.

In regard to the nature and seriousness of danger to any other person or the community, the undersigned has considered that economic harm or danger to the community is a factor to be considered. U.S. vs Madoff, 586 F.Supp.2d 240 (S.D.N.Y (2009)). It is the burden on the defendant to show by clear and convincing evidence that his release does not create an economic danger to the community or that his release does not create a risk of flight on his part. U.S. vs Reynolds, 956 F.2d 192 (9th Cir.,1992). The defendant has not met the burden. Indeed, the undersigned finds by clear and convincing evidence that the release of the defendant could create a risk of harm or danger to any other person or the community. The defendant has been convicted of 21 felonies, all involving some type of financial crimes which have created harm and danger to the economic community. The pretrial services report that has been introduced into evidence shows that the defendant has used other names and the evidence further showed that the defendant was recently in California and then in the state of Nevada. The undersigned finds that the release of the defendant would create a risk of harm or danger and that there has not been a showing by clear and convincing evidence that the release of the defendant would not create a risk of flight

on his part.

## ORDER

**IT IS, THEREFORE, ORDERED**, that the defendant be **DETAINED** pending further sentencing and further proceedings in this matter.

Signed: March 17, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge